IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID Q. WEBB,  )
　　　　　　　　　　　　　　)
　　　　Plaintiff,  )
　　　　　　　　　　　　　　)
　v.  )  C.A. No. 21-1824-VAC
　　　　　　　　　　　　　　)
CITY OF WILMINGTON, et al.,  )
　　　　　　　　　　　　　　)
　　　　Defendants.  )

**MEMORANDUM OPINION**

David Q. Webb, Newark, Delaware. Pro Se Plaintiff.

May 24, 2022
Wilmington, Delaware

*[signature]*

**CONNOLLY, CHIEF JUDGE:**

Plaintiff David Q. Webb commenced this action on December 27, 2021. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 2) Also pending are several motions filed by Plaintiff. (D.I. 5, 8, 9) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.   BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff raises his claims pursuant to 42 U.S.C. § 2000d and 42 U.S.C. § 1983. The Complaint names 19 defendants located in the States of Delaware, Nevada, Georgia, Connecticut, and Florida, and that include city and county governments, city and county officials and employees, private individuals, and three estates. (D.I. 2 at 2-13)

Plaintiff alleges Defendant government entities are direct recipients of federal funding, and they engaged in intentional discrimination based upon Plaintiff's race, color, and national origin as an African American male and violated his rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution by means of a November 9, 2021 illegal Sheriff's sale of real property located in Wilmington, Delaware. Plaintiff alleges that Defendants intentionally ignored a June 29, 2011 final master report from the Court of Chancery of Delaware that "legally stipulated that Plaintiff Webb is a legal heir to the Estate of John L. Webb" and in doing so violated Plaintiff's rights under the Equal Protection Clause. (*Id.* at 17-25)

1

In addition, Plaintiff alleges that several defendants failed to properly ensure that the probate process for the Estate of John L. Webb (Plaintiff's father) was timely resolved and pursuant to Delaware law. (*Id.* at 21-23) Plaintiff also alleges that several defendants participated in fraud on the court by presenting "evidence that had no factual basis of proof stipulating that Plaintiff [] was not his brother after 48 years of recognizing" Plaintiff as his brother during the March 16, 2010 registration at the New Castle County Register of Wills Office and through the illegal sale of the real property located in Wilmington, Delaware. (*Id.* at 23)

Plaintiff seeks compensatory and punitive damages.

## II. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490

2

U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient

3

to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

### III. DISCUSSION

This is the second time Plaintiff has sought relief for issues arising out of the administration of the estate of his father, who died intestate on February 24, 2010. *See Webb v. Poppiti*, 2013 WL 5701051 (D. Del. Oct. 17, 2013) (providing background from 2010 through 2013). It is evident in reading the Complaint that Plaintiff's claims result from his dissatisfaction with Delaware state courts' rulings regarding the Estate of Webb, with the probate process and, particularly, the Sheriff's sale of real property located in Wilmington, Delaware. Plaintiff's avenue of relief lies in state court. To the extent Plaintiff seeks review and rejection of Delaware state decisions, the claims fall under the purview of the Rooker-Feldman doctrine and, therefore, the Court cannot exercise jurisdiction.[1]

Even if the Court had jurisdiction, it finds that the Complaint fails to set forth a plausible claim. The claims are pled in a conclusory manner. There are no factual allegations in the Complaint that would provide a plausible basis to conclude that Defendants intentionally discriminated against Plaintiff because of his race in violation of Title VI. *See* 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001).

---

[1] The Rooker–Feldman doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes–Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

To the extent that Plaintiff seeks relief under § 1983, he fails to plausibly allege that a state actor violated his constitutional or federal rights to maintain such a claim. See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Plaintiff also complains that the probate matter moved too slowly through the courts. In Plaintiff's first case, he was advised that he has no constitutional right to a speedy resolution of the probate matter and such claims are frivolous. See Webb v. Poppiti, 2013 WL 5701051 at *4. Plaintiff's fraud on the court claims also fail as deficiently pled. See Herring v. United States, 424 F.3d 384-386087 (3d Cir. 2004) (setting forth elements of a fraud on the court claim). Finally, the Complaint refers to Plaintiff's relatives' failure to recognize him as the son of the decedent, John L. Webb. Plaintiff raised the issue in the first case he filed in this Court and, therefore, the claims are barred. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247 (3d Cir. 2014).

The Court lacks jurisdiction and, in the alternative, Plaintiff fails to state cognizable claims. Therefore, the Complaint will be dismissed. Amendment is futile.

## IV. CONCLUSION

For the above reasons, the Court will: (1) deny as moot the motions filed by (D.I. 5, 8, 9); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Amendment is futile.

An appropriate Order will be entered.

5